# Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

| | | |
|---|---|---|
| HADIYAH CHARLES, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -versus- | : | |
| | : | 12-CV-6180 (SLT) (SMG) |
| The CITY OF NEW YORK; et al. | : | |
| | : | ECF CASE |
| | : | |
| Defendants. | : | |

------------------------------------------------------------- x

**PLAINTIFF'S FOURTH REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local

Civil Rules of the United States District Courts for the Southern and Eastern Districts of New

York, the plaintiff requests that the defendants produce the items hereinafter requested in

accordance with the definitions and instructions set forth below within thirty (30) days after

service hereof.

DEFINITIONS / RULES OF CONSTRUCTION

A. Document. *See* Local Rule 26.3(c)(1).

B. Communication. *See* Local Rule 26.3(c)(2).

C. Identify. *See* Local Rule 26.3(c)(3-4).

D. Defendant(s). *See* Local Rule 26.3(c)(5).

E. Concerning. *See* Local Rule 26.3(c)(7).

F. All/Any/Each. *See* Local Rule 26.3(d)(1).

G. And/Or. *See* Local Rule 26.3(d)(2).

*PLAINTIFF'S PROPOSED REQUESTS*
*PROVIDED TO DEFENDANTS ON OCTOBER 10, 2014*

H.  Number. *See* Local Rule 26.3(d)(3).

I.  NYPD. All references to "NYPD" shall be construed to refer to the New York City

Police Department, all of its component parts, and all of its employees.

J.  CCRB. All references to "CCRB" shall be construed to refer to the New York City

Civilian Complaint Review Board, all of its component parts, and all of its employees.

INSTRUCTIONS

A.  Unless otherwise stated, this request for documents is limited to those which were issued,

created or modified on or after January 1, 2004.

B.  Each document is to be produced in its entirety, without abbreviation or redaction.

C.  To the extent that a full and complete response to any request would require the

production of documents otherwise being produced in response to another request, it is

sufficient to identify the specific document being produced and to identify the request in

response to which it is being produced.

D.  All terms in this request should be construed consistent with Rule 26.3 of the Local Civil

Rules for the United States District Courts for the Southern and Eastern Districts of New

York.

E.  If any request for documents is deemed to call for the production of materials that are

privileged in whole or in part, or materials protected from disclosure by the work-product

doctrine or otherwise, please provide the information required by Rule 26(a)(5) of the

Federal Rules of Civil Procedure and Local Civil Rule 26.2(a).

F.  If any request for documents is deemed to call for documents that have been lost,

destroyed or discarded, an inventory of such documents is to be furnished containing the

following information:

a.  the type of document (e.g., letter, memorandum, handwritten notes, computer file);

b.  the date of the document;

c.  the title of the document;

d.  the author of the document;

e.  the names of any other persons who participated in the preparation of the document;

f.  the addressee of the document;

g.  the names of any other recipients of the document;

h.  the subject matter of the document;

i.  the number of pages in the document;

j.  the date on which the document was lost, destroyed, or discarded;

k.  the manner in which the document was lost, destroyed, or discarded;

l.  the names of the persons ordering, authorizing, participating in or with knowledge of such loss, destruction, or discard; and

m.  the reason for the loss, destruction or discard.

G.  Instructions concerning the production of Electronically Stored Information ("ESI"): All ESI produced in response to these requests shall be produced in electronic form on CD or DVD media. Plaintiffs specify the following formats for production:

a.  For ESI consisting of document images (scanned or otherwise) - (A) searchable PDF for all files that exist in that format, and (B) nonsearchable PDF or TIFF for all other files;

b.  For text, HTML, Microsoft Office, or WordPerfect documents - native format;

c. For data files from any other desktop applications - print the file to searchable PDF;

d. For email messages - native format;

e. For SQL databases and database tables - produce ASCII SQL "dump" file including all responsive rows and columns;

f. For reports generated from database applications in order to comply with this request - print to searchable PDF;

g. Any items not specifically enumerated above shall be produced in a format that is readable in a reasonably usable manner with commonly available free or commercial software; and

h. All items shall be produced with sufficient electronic folder structure, folder names, and/or associated metadata or index so as to reasonably indicate the following: (i) which request the item is responsive to; (ii) if the item relates to a named Plaintiff or employee or employees of a Defendant; (iii) where items (including attachments) and folders begin and end; and (iv) the original file name (if changed in order to comply with the above instructions). Documents stored electronically are to be produced in a text-searchable electronic form or in such other form as the parties may mutually agree.

*PLAINTIFF'S PROPOSED REQUESTS*
*PROVIDED TO DEFENDANTS ON OCTOBER 10, 2014*

ITEMS REQUESTED

17.   All communications, including but not limited to "FINEST" messages, sent to uniformed members of the NYPD concerning such members' treatment of individuals observing, photographing, filming, video recording or otherwise documenting police activity.

18.   All documents concerning assessments, reviews, evaluations, or audits that address the treatment of individuals observing, photographing, filming, video recording or otherwise documenting police activity, including but not limited to any documents addressing the section of NYPD Patrol Guide Section 208-03 entitled "Observers at the Scene of Police Incidents."

19.   All documents concerning any reports, studies, or statistics created or assembled by the CCRB concerning the treatment of individuals observing, photographing, filming, video recording or otherwise documenting police activity.

20.   All documents concerning any complaints made to the CCRB, whether or not they were fully investigated, in which a complainant alleged that a person was mistreated in response to observing, filming, photographing, video recording, or otherwise documenting police activity.  This request includes but is not limited to documents concerning any incident identified in Request No. 24 below.

21.   All documents concerning any complaints made to the NYPD Internal Affairs Bureau, the NYPD Office of the Chief of Department, the NYPD Office of the Department Advocate, or any NYPD investigative unit, in which a complainant alleged that a person was mistreated in response to observing, filming, photographing, video recording, or otherwise documenting police activity.  This request includes but is not limited to documents concerning any incident identified in Request No. 24 below.

22.   All communications to or from any District Attorney's Office concerning treatment of individuals observing, photographing, filming, video recording, or otherwise documenting police activity by uniformed members of the NYPD.

23.   All Declined Prosecution Affidavits concerning instances in which prosecution was declined because an individual was arrested or summonsed in response to his or her observing, filming, photographing, video recording, or otherwise documenting police activity.

24.   All documents, including but not limited to arrest reports, complaint report worksheets, summonses, documents concerning declined prosecutions, and communications with any District Attorney's office, concerning the following incidents:

   a.   In June 2004, Rick Dembow was arrested after taking photos of the arrest of another photographer, Peter Foley, who himself was arrested for taking photos of the site of a hit-and-run car accident;

   b.   On or around February 9, 2005, Lumumba Bandele, Djibril Toure, and David Floyd were arrested after filming the arrests of other individuals in Bedford-Stuyvesant, Brooklyn;

   c.   On or around May 30, 2007, Robert Carneval was arrested after filming officers in the East Village while the officers seized locked bikes and loaded them into a police van;

   d.   On or around September 29, 2008, Dennis Flores was arrested after he photographed police activity at a public event held near East Kingsbridge Road and Morris Avenue in the Bronx;

e.  On the morning of April 14, 2011, Tamar Sharabi was arrested in a subway station in Queens after filming and taking photos of officers who were ticketing her for occupying more than one seat on a subway car;

f.  On or around November 15, 2011, Timothy Fitzgerald, Karen Matthews, Seth Wenig, Matthew Lysiak, Patrick Hedlund, Paul Lomax, and Julie Walker were arrested while covering the Occupy Wall Street protests;

g.  On or around December 12, 2011, John Knefel, Paul Sullivan, and Justin Wedes were arrested after filming protest activities in the World Finance Center's Winter Garden;

h.  On or around December 17, 2011, Josh Boss was arrested after filming an Occupy Wall Street demonstration;

i.  On or about January 10, 2012, Justin Sullivan was arrested after filming Occupy Wall Street protests at Grand Central Terminal;

j.  In April 2012 Clark Stoeckley was issued a summons after filming police activity;

k.  On or about April 27, 2012, John Runnells was arrested after filming police activity near Grand Concourse and Marcy Place in the Bronx;

l.  On or about August 4, 2012 New York Times photographer Robert Stolarik was arrested while documenting police activity in the Bronx;

m.  In September 2012 Diego Ibanez was arrested after filming arrests in a subway station;

n.  On or around September 16, 2012, Julia Reinhart, Charles Meacham, and John Knefel were arrested while covering the Occupy Wall Street protests;

o.  On September 17, 2012, Christopher Faraone was arrested after photographing a public demonstration near One Chase Manhattan Plaza;

p.  On November 27, 2012 Angel Zayas was arrested after photographing police activity in the subway station at Grand Central Terminal;

q.  On or around January 16, 2013, Shimon Gifter was arrested after filming police in Flatbush, Brooklyn;

r.  On or around March 13, 2013, Ed Garcia Conde was arrested after using his cellular phone to film police activity;

s.  On or around April 19, 2013, student Justin Thomas was arrested after filming the NYPD's 72nd Precinct building;

t.  On or around May 16, 2013, Jonathan Harris was arrested after filming police activity in or near a park near East 145th Street and College Avenue in the Bronx;

u.  On or around August 13, 2013, Yosef Hershkop was arrested in Brooklyn after photographing police activity with his cell phone;

v.  On or around September 7, 2013, Diego Ibanez was arrested in a subway station after attempting to film police activity;

w.  On or around September 19, 2013, Sean Basinski was arrested while using his cell phone to film police activity near the Midtown North Precinct police station on or near West 54th Street;

x.  On September 25, 2013, Debra Goodman was arrested after attempting to film police activity with her cell phone near Broadway and West 73rd Street;

y.  On September 28, 2013 Santos Bobet was arrested after filming the arrest of another individual near the Whitlock Avenue subway station in the Bronx; and

8

z.  On or around February 15, 2014, Shaun Thomas was arrested at the Utica Avenue subway station after recording police activity.

25.  All documents, including but not limited to memoranda, letters, notes, or e-mails, that are or were in the custody, possession, or control of any NYPD official or employee in the offices of the NYPD Commissioner, the NYPD Chief of Department, the NYPD Chief of Patrol, the NYPD Deputy Commissioner for Public Information, the NYPD Deputy Commissioner for Training, or the NYPD Deputy Commissioner for Legal Matters, concerning the treatment of individuals observing, photographing, filming, video recording or otherwise documenting police activity by uniformed members of the NYPD. This request includes but is not limited to documents concerning the following communications or incidents:

a.  communications with representatives of news organizations concerning officers' treatment of individuals documenting police activity, including but not limited to meetings that occurred during the summer and fall of 2011 and one that occurred on November 23, 2011;

b.  a letter to Deputy Commissioner Paul Browne, dated November 21, 2011, from representatives of The New York Times, The New York Post, The Daily News, and the Associated Press, among other news organizations (HC 96-98);

c.  a "FINEST" message concerning treatment of members of the media by uniformed members of the NYPD issued in November 2011;

d.  a letter from the National Press Photographers' Association to Deputy Commissioner Browne, dated August 6, 2012, concerning the arrest of photographer Robert Stolarik (HC 99-100);

*PLAINTIFF'S PROPOSED REQUESTS*
*PROVIDED TO DEFENDANTS ON OCTOBER 10, 2014*

e.     a letter from the National Press Photographers' Association to Deputy

Commissioner Browne, dated August 16, 2012, concerning the arrest of

photographer Robert Stolarik (HC 101-02);

f.     a letter from the National Press Photographers' Association to Police

Commissioner Kelly, on or about September 30, 2012, concerning members of

the media who had been covering the anniversary of the "Occupy Wall Street"

protests (HC 103-05);

g.     a "FINEST" message concerning the treatment of individuals recording police

activity by uniformed members of the NYPD issued in August 2014; or

h.     the incidents listed in Request No. 24.


Dated: _____
New York, New York



                                          _____
                                          ALEXIS KARTERON
                                          JORDAN WELLS
                                          New York Civil Liberties Foundation
                                          125 Broad Street, 19th Floor
                                          New York, NY 10004
                                          (212) 607-3300

                                          *Counsel for the Plaintiff*

10