

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MARK D. ZUCKERMAN
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

March 26, 2015

**VIA ECF**
The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  <u>Hadiyah Charles v. City of New York, et al.</u>, 12 Civ. 6180 (SLT)(SMG)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced matter.  In accordance with Your Honor's Individual Rules of Practice, I write to respectfully request a pre-motion conference in order that the defendants City of New York and Raymond Kelly be permitted to move for summary judgment on the remaining claim that is not the subject of the pending motion for partial summary judgment, plaintiff's municipal liability claim.

      At the time of the pre-motion conference preceding the pending motion for partial summary judgment, which was held on June 9, 2014 before Your Honor, plaintiff's municipal liability claim, based upon an alleged failure to train, had been bifurcated for discovery purposes by Chief Magistrate Judge Gold.  At said conference, Your Honor commented during the discussion of plaintiff's municipal liability claim, "as I read through your amended complaint, it does not suggest a basis for a failure to train claim."  (Ex. A hereto, p. 8, ll. 11-13)  Almost immediately thereafter, however, plaintiff applied to Judge Gold to be allowed to take certain <u>Monell</u> discovery in connection with said claim, and plaintiff was allowed by Judge Gold to conduct certain of the discovery sought.

      With the exception of the discovery issue which will be described herein, <u>Monell</u> discovery has now been completed in this case.  Essentially, the only outstanding potential discovery issue is on plaintiff's claim of "deliberate indifference" as it relates to her failure to train theory.  Although Your Honor questioned at the aforesaid conference whether plaintiff's

amended complaint had sufficiently pled a "pattern of similar constitutional violations by untrained employees," (See Ex. A hereto, p. 6, ll. 18-22 and p. 8, ll. 11-13) that was necessary to sustain such a claim, plaintiff thereafter sought discovery from Judge Gold on up to 40 police incidents which she argued to Judge Gold were similar and could give rise to "deliberate indifference." Judge Gold denied said discovery request without prejudice to a renewed application for same after the possible issuance of a CCRB study and report on the issue of alleged failures by the NYPD to allow citizens to record police interactions. (Ex. B hereto, p. 15, l. 13-p. 17, l. 21) Judge Gold did state, however, that the possible CCRB report should be "ample" to allow plaintiff to make her argument regarding "deliberate indifference." (Ex. B, p. 16, 11. 14-16) As of the writing of this letter, however, upon information and belief, any such CCRB report has not been issued and there is no date that plaintiff raised at the last conference before Judge Gold that gave any indication when any such report would be forthcoming.

With the exception of the aforementioned issue, Monell discovery is now indisputably complete and was as of February 26, 2015, meaning that defendants have 30 days therefrom to make this letter motion for a pre-motion conference. See Rule 56(b), Federal Rules of Civil Procedure and Your Honor's Individual Rules of Practice.

Irrespective of the "deliberate indifference" issue, defendants would still argue that summary judgment on plaintiff's failure to train theory should be granted and defendants are ready to move on these theories now. First, plaintiff can point to no specific deficiency in the NYPD's training program, as is required to be proven by plaintiff. Amnesty America v. Town of West Hartford, 361 F.3d 113, 129 (2d Cir. 2004). The NYPD's Patrol Guide specifically addresses citizens' rights to record police activities, (D's 56.1 ¶ 43), and it is indisputably taught at the Police Academy to recruits by virtue of their classroom training (D's 56.1 ¶ 45) and written course materials. (D's 56.1 ¶ 44)[1] As the foregoing NYPD materials do not incorrectly set forth any applicable constitutional standards as they relate to this case, and the concepts are not terribly complicated in any respect, the NYPD's training program is more than sufficient to meet any applicable constitutional standard on necessary training irrespective of whatever argument plaintiff can muster as to a "pattern" that plaintiff can argue following any issuance of a CCRB study that still hasn't even occurred.

Second, in any event, the plaintiff "must establish a causal connection – an affirmative link – between the [challenged] policy and the deprivation of h[er] constitutional rights." Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985). As the Court can readily see from the motion for partial summary judgment that is pending, D's 56.1 ¶¶ 1-42), what occurred in this case arose not from any failure to train by the City of its police officers as to citizens' right to record police activities, but rather the "on the scene" circumstances of this incident, namely plaintiff's interference with the stop of three males being conducted by defendant P.O.'s Benites and Williams. Ultimately, even in the unlikely event that there wasn't probable cause for the summons issued to plaintiff, the City would still be entitled to summary judgment on plaintiff's failure to train municipal liability theory, as the events that transpired (including the summons that was issued to her) when plaintiff approached the officers and the

---

[1] Only exhibits not previously submitted to the Court in connection with the pending motion for partial summary judgment have been submitted with the present draft Local Rule 56.1 Statement.

stopped males, were caused by the nature of the "on the scene" interaction itself, and not by some alleged NYPD failure to train its officers on the challenged issue years before when the officers involved in this incident attended the Police Academy.

In sum, defendants seek to move for summary judgment as set forth herein. Alternatively, should the Court prefer that defendants wait to proceed until the possible issuance of the CCRB report alluded to herein, defendants seek 30 days from the issuance of said report to renew this application or to renew this application should any such report still not be issued after some later period of time.

Thank you for your consideration herein.

                                      Respectfully submitted,

                                      /s/

                                      Mark D. Zuckerman
                                      Senior Counsel

cc:      Alexis Karteron, Esq. (via ECF)