

125 Broad Street
New York, NY 10004
212.607.3300
212.607.3318
www.nyclu.org

Alexis Karteron
Senior Staff Attorney
Direct Line: 212.607.3391
akarteron@nyclu.org

April 9, 2015

**Via ECF**
The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Charles v. City of New York*, No. 12 civ. 6180 (SLT) (SMG)

Dear Judge Townes:

    On behalf of the plaintiff, who alleges that she was falsely arrested by the NYPD in retaliation for exercising her right to record police activity, we write in opposition to the defendants' request for a pre-motion conference. A summary judgment motion on the circumstances of the plaintiff's arrest is pending, and the defendants now seek to move for summary judgment on the plaintiff's *Monell* claim. However, the defendants' proposed motion is premature at this time. Chief Magistrate Judge Gold explicitly limited *Monell* discovery in anticipation of the release of a report by the Civilian Complaint Review Board (CCRB) concerning violations of the right to film police activity and suggested that it would be premature for the defendants to move for summary judgment before the report is released. Moreover, the defendants' contemplated motion rests on disputes regarding deficiencies in the training program and the cause of the plaintiff's arrest. Given these circumstances, the plaintiff respectfully requests that the application be denied at this time.

**The Defendants' Application Is Premature Because *Monell* Discovery Is Incomplete**

    Summary judgment is inappropriate because discovery is not complete. There is an outstanding discovery issue with regard to the plaintiff's failure-to-train claim, as the defendants acknowledge. Defs.' Ltr. at 3, ECF No. 96. A plaintiff ordinarily needs to demonstrate a pattern of similar constitutional violations to prevail on a failure-to-train claim. *See Cash v. Cnty. of Erie*, 654 F.3d 324, 336 (2d Cir. 2011). The pending CCRB report is expected to reveal that unlawful arrests by NYPD officers of individuals filming police activity are a recurring problem and is therefore expected be probative of the plaintiff's claim. Judge Gold suggested that summary judgment should be deferred until the release of the CCRB report, stating that:

> If the plaintiff opposes the pre-motion conference application on the ground that Judge Gold limited [her] discovery in part because of a pending CCRB investigation that he thought would be the most efficient way for the plaintiff to prove notice of a pattern of violations of the rights that the plaintiff is claiming in this case and that plaintiff would like to defer the summary judgment response

until that report is publicly available or she has an opportunity to come back to me for more discovery, I would urge on this record that Judge Townes seriously entertain such an application.

Tr. Status Conf. at 21:15-22:1, Dec. 23, 2014 (attached to Defs.' Ltr. (ECF No. 96-2)).

Accordingly, the plaintiff respectfully submits that a pre-motion conference on summary judgment is premature at this time because *Monell* discovery is not yet complete. The defendants' application should be denied on that basis. The plaintiff does not, however, object to the defendants' alternative proposal that the Court allow renewal of the application after the CCRB report is released. Defs.' Ltr. at 3.

**Specific Deficiencies Exist in the NYPD's Training Program**

Although *Monell* discovery is not yet complete, the plaintiff is able to point to sufficient facts for a reasonable jury to conclude that the NYPD's training program is deficient. The plaintiff also anticipates conducting narrow discovery associated with the content of the CCRB report and intends to produce expert testimony on the deficiencies within the NYPD's training program once discovery is complete. Accordingly, the defendants' assertion that the plaintiff cannot point to any specific deficiencies is both inaccurate and premature.

The first specific deficiency the plaintiff identifies is that training on the right to film is only provided to police recruits in the form of a single paragraph of written material provided during their NYPD Police Academy training. Pl.'s 56.1 ¶ 63. There is no evidence that this training is provided orally, as there is no time set aside for it within the NYPD's lesson plans. Pl.'s 56.1 ¶ 65. After academy training, no additional training opportunities or in-service training programs are provided. Pl.'s 56.1 ¶ 66. A reasonable jury could easily find that a single paragraph and an indeterminate amount of time spent on the right to film, given to NYPD officers only once at the beginning of their careers, is deficient and inadequate for ensuring that officers are not conducting unlawful arrests for the recording of police activity. *Cf. Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 441 (2d Cir. 2009) ("[A] reasonable factfinder could plausibly infer that the training program failed to impart with the necessary frequency or specificity how to appropriately respond to domestic violence complaints . . . .").

The inference that the NYPD's training program is deficient is bolstered by the fact that the program has been substantially unaltered for the past decade, Pl.'s 56.1 ¶ 63, despite the substantial increase in the number of citizens carrying smartphones[1] over that time, Pl.'s 56.1 ¶¶ 71-72. The number of people carrying smartphones has skyrocketed over the past decade, leading the Supreme Court to recognize that "modern cell phones . . . are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude they were an important feature of human anatomy. A smart phone . . . was unheard of ten years ago; a significant majority of American adults now own such phones." *Riley v. California*, 134 S. Ct. 2473, 2484 (2014). The ever-increasing proliferation of smartphones inevitably means that police officers are being faced with progressively more civilians recording their interactions. Yet

---

[1] Unlike older cell phones, smartphones are capable of not only taking photographs but also recording video and audio—and many smartphone owners use them for these purposes. Pl.'s 56.1 ¶ 73.

the NYPD training program has not been updated and adapted to the changing times. A reasonable jury could infer from this that the current training program is deficient.

Second, the NYPD training is overly focused on the First Amendment rights of media personnel specifically, Pl.'s 56.1 ¶ 64, which wrongly implies to recruits that non-media bystanders do not enjoy such rights. Similarly, a message on the right to film was issued to all NYPD officers in 2011, but this message repeatedly and explicitly referred to "media representatives," "press personnel," and "the photographing and videotaping of news," Pl.'s 56.1 ¶ 69, reinforcing the same misunderstanding. The Supreme Court has established that the First Amendment protects the "promulgation of information and ideas by persons . . . who wish to exercise their freedom of speech even though they are not members of the press." *New York Times Co. v. Sullivan*, 376 U.S. 254, 266 (1964). Today, "many of our images of current events come from bystanders with a ready cell phone or digital camera rather than a traditional film crew, and news stories are now just as likely to be broken by a blogger at her computer as a reporter at a major newspaper." *Glik v. Cunniffe*, 655 F.3d 78, 84 (1st Cir. 2011). A reasonable jury could find that the undue focus on the media in what little training NYPD officers receive constitutes a failure to train.

**A Reasonable Jury Could Conclude that the Failure to Train Caused Plaintiff's Injuries**

A reasonable jury could conclude that City's failure to train caused the plaintiff's arrest. The defendants state that "what occurred in this case arose not from any failure to train by the City . . . , but rather . . . plaintiff's interference with the stop . . . being conducted by defendant P.O.'s Benites and Williams." Defs.' Ltr. at 2. This argument, however, is equivalent to a simple denial that the plaintiff was falsely arrested. *Cf. Ambrose v. City of New York*, 623 F. Supp. 2d 454, 477-78 (S.D.N.Y. 2009) (finding that the defendants' argument that evidence against the plaintiff caused his arrest was "essentially" a denial that the plaintiff was falsely arrested). Whether the plaintiff was falsely arrested is already the subject of a pending summary judgment motion. For the reasons set forth in the plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment and Spoliation Sanctions, a reasonable jury could conclude that the plaintiff was falsely arrested. Pl.'s Mem. Opp'n Summ. J. 4-11, ECF No. 79. Until and unless a jury finds that the plaintiff was not falsely arrested, the defendants cannot credibly state, as a matter of law, that the plaintiff's own activity was the cause of her arrest. The defendants' argument is therefore premature and inappropriate at this time.

Further, the defendants' argument that, even in the absence of probable cause, the "on the scene" interaction caused the plaintiff's false arrest, Defs.' Ltr. at 2-3, is wholly conclusory. If the defendant officers did not have probable cause to arrest the plaintiff, a reasonable jury could easily find, given the training deficiencies identified above, that the failure of the NYPD to train its officers on the right of civilians to record police activity caused the false arrest. The defendants have no plausible argument that they are entitled to summary judgment on this basis.

For the foregoing reasons, the plaintiff opposes the defendants' request for a pre-motion conference regarding a proposed motion for summary judgment at this time. If a pre-motion conference is to be held, the plaintiff requests that it not be scheduled until after the release of the CCRB report. Thank you for your consideration.

Respectfully submitted,

Alexis Karteron
Andrew Nellis*
Salmah Rizvi*
*Counsel for the Plaintiff*

*Law students at New York University School of Law Civil Rights Clinic, assisting in this case.

c: Mark Zuckerman, Esq.
Counsel for Defendants
(via ECF)